NORFOLK & P. B. L. R. Co. v. LYNCH et al.

(Circuit Court of Appeals, Fourth Circuit.
April 14, 1926.)

No. 2443.

Admiralty ⟨⟩118—Trial judge's conclusions on conflicting evidence as to cause of injuries to barge, when railroad drawbridge closed while it was passing through, will be affirmed when plainly right.

In libel by barge against railroad company, for injuries alleged to have been caused by negligence in closing drawbridge when barge was passing through, decree for libelant will not be reversed, where trial judge's conclusions on conflicting evidence as to cause of accident were plainly right.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk; D. Lawrence Groner, Judge.

Libel by W. T. Lynch, master of the barge Margaret E. Bunting, against the Norfolk & Portsmouth Belt Line Railroad Company, wherein A. W. Simmons, master of the tug Mildred McNally, and Otis E. Creef, master of the barge Louis J. Dempsey, were made parties. Decree for libelant against respondent, and respondent appeals. Affirmed.

Thomas H. Willcox, of Norfolk, Va. (Edward R. Willcox, of Norfolk, Va., on the brief), for appellant.

John W. Oast, Jr., Edward R. Baird, Jr., and Henry Bowden, all of Norfolk, Va. (J. Elwood Dukes, of Philadelphia, Pa., and Baird, White & Lanning, of Norfolk, Va., on the brief), for appellees.

Before WADDILL, ROSE, and PARKER, Circuit Judges.

WADDILL, Circuit Judge. The collision, the subject of this litigation, occurred on the 22d of March, 1924, about 10 o'clock a. m., on the southern branch of the Elizabeth river, at a point where the railway line of appellant, the Norfolk & Portsmouth Belt Line Railway Company, spans the Elizabeth river with its drawbridge, required to be maintained, with suitable draws, to admit of the free navigation of the river.

On the morning in question, the steam tug Mildred McNally, having in tow four barges in the order following, the Helen McIlvaine, the Margaret E. Bunting, the Louis J. Dempsey, and the Pennsylvania, was proceeding southwardly up the southern branch of the Elizabeth river, en route to their respective destinations. The tow, including length of tug and barges and hawsers, was approximately 1,228 feet in length. The weather was good, the tide flood, with a fresh wind from the northeast, and the tow making about three miles an hour. Upon approaching the draw, appropriate signals were given to open the same, which was done, and the tug passed through the western draw of said bridge. The Helen McIlvaine was partially through when the draw began to close, the southern end of the bridge apparently moving towards the west, and struck the McIlvaine's port quarter, causing her slight injury. The southern end of the bridge then came in contact with the Margaret E. Bunting, taking away part of her rail and house, and causing considerable damage to that barge.

The Margaret E. Bunting filed its libel in this cause, averring that it sustained serious damage as the result of the collision with the drawbridge as aforesaid, and that the same was caused solely by the negligence and failure of the employees and servants of the appellant, particularly the bridge tender in charge on the occasion in question, and that the Margaret E. Bunting was in all respects free from fault. Answer was made by the railroad company to this libel, in which it asserted that it was free from fault, and that the collision was due to the negligence of

those in charge of the tow, and caused particularly by the negligence of the tug Mildred McNally in so navigating, while going through the draw, as to pass so close to the fender of the abutment upon which the bridge rested that it caused the barge Margaret E. Bunting to strike against the abutment, and that the force of this blow caused the bridge to move, and likewise caused the Louis J. Dempsey to strike against the northern end of the bridge, which caused it to move further to the westward, at the time of the collision with the Margaret E. Bunting, which resulted in its coming in contact with the two barges. The railroad also, by its petition, asked that the tug Mildred McNally and the barge Louis J. Dempsey be brought in and made parties to the litigation, under the appropriate admiralty rule, to answer for the damages alleged to have been caused by their fault.

The Mildred McNally and the Louis J. Dempsey filed their answers to the petition and libel bringing them in, denied all liability for the collision, and averred that the same was brought about solely by reason of the negligence and fault of the railroad company's servants and employees in operating the said drawbridge.

An unusually large number of witnesses were examined in the case, bearing especially upon the crucial points at issue between the parties, with the result that the District Court, before whom many of the witnesses were examined orally, in an elaborate opinion and finding of facts, decided that the collision occurred as a result of the negligence and fault of the operator of the drawbridge, that the tug Mildred McNally, the Margaret E. Bunting, and the Louis J. Dempsey were free from fault in the collision, and that the railroad was solely responsible therefor. Damages were awarded in favor of the Margaret E. Bunting alone, as will appear from the decree of the court appealed from.

This statement of the case and the assignments of error make it clear that the issue between the parties was one solely dependent upon a correct determination of the facts; that is to say, whether the bridge was negligently moved and caused the accident, or whether the collision was caused by the negligent navigation of the tug and the barges Margaret E. Bunting and Louis J. Dempsey. Concerning this question there was considerable testimony and sharp conflict therein; and much consideration was given to the same by the Judge of the District Court, who made the full, clear, and comprehensive finding aforesaid, which we feel we should ac-

cept, under the facts of this case. Indeed, we are convinced that the District Judge's conclusions were, upon the whole case, plainly right.

Affirmed, with costs to the appellees.

Affirmed.